Electronically Filed
9/28/2015 5:22:21 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. ___C-4884-15-E___

| | | |
|---|---|---|
| **JAIME AND MELISSA GONZALEZ**<br>**Plaintiffs,** | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT** |
| **VS.** | §<br>§ | ____ **JUDICIAL DISTRICT** |
| **WELLINGTON INSURANCE**<br>**COMPANY**<br>**Defendant.** | §<br>§<br>§ | **HIDALGO COUNTY, T E X A S** |

## PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES and FIRST REQUEST FOR PRODUCTION

TO THE HONORABLE COURT:

COMES NOW, JAIME AND MELISSA GONZALEZ, and file this Original Petition for the purpose of recovering monetary damages and general relief as follows:

### DISCOVERY LEVEL

1.      Discovery is to be conducted under Level 2, pursuant to TRCP 190.3.

### PARTIES

2.      Plaintiff JAIME GONZALEZ is an individual residing in HIDALGO County, Texas.

3.      Plaintiff MELISSA GONZALEZ is an individual residing in HIDALGO County, Texas.

4.      Defendant WELLINGTON INSURANCE COMPANY (hereafter "WELLINGTON") is a Texas-based property and casualty insurance company duly licensed in the State of Texas and may be served with citation by serving its attorney for service: Corporation Service Company, 211 East 7th Street Suite 620, Austin, Texas 78701-3218, by certified mail.

**EXHIBIT**

B

1

DATE 10/23/15
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#37

Electronically Filed
9/28/2015 5:22:21 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4884-15-E

## JURISDICTION, VENUE, AND CLAIM FOR RELIEF

5.      This Court has jurisdiction over this matter because all of the occurrences in question took place in HIDALGO County, Texas, and the amount in controversy exceeds the jurisdictional minimum of this Court. Venue is proper in this Court because the wrongful acts occurred, the property is located, and Plaintiffs reside in HIDALGO County, Texas. Pursuant to Tex. R. Civ. Pro. 47(c), Plaintiffs seek monetary relief over $200,000.00, but not more than $1,000,000.00.

## FACTUAL BACKGROUND

6.      MELISSA AND JAIME GONZALEZ (hereafter "Plaintiffs") purchased a homeowner's insurance policy from WELLINGTON to cover potential losses to their home, which is located at 612 W. Monte Cristo Heights Rd., Edinburg, Texas. All premium payments were timely made and accepted by WELLINGTON without mention of any reservations or concerns about defects or other construction problems with the home. Subsequently, the Plaintiffs filed a claim for covered losses with WELLINGTON for damages to their home as a result of a windstorm, which occurred on or around March 12, 2015. WELLINGTON dispatched adjuster Brenda O. Borrego to inspect and adjust the loss at the Plaintiffs' residence on March 18, 2015. Based on Borrego's inspection findings, WELLINGTON issued two payments to the Plaintiffs in the total amount of $739.16. Thereafter, WELLINGTON has refused to further investigate the causation and extent of the Plaintiffs' damages and fully pay this claim.

7.      The Plaintiffs have been subjected to unreasonable delays on this claim, effectively denying the insurance coverage they bought and paid for. At all times relevant to this lawsuit, the Plaintiffs undertook reasonable steps to mitigate their losses and to reasonably

Electronically Filed
9/28/2015 5:22:21 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4884-15-E

protect their property.  The Plaintiffs have complied with all conditions and obligations under their policy of insurance.  In addition, Plaintiffs have obtained an independent estimate of damages from Correct Claim, LLC, in the amount of $76,637.75, which has been forwarded to WELLINGTON, along with photographs of the Plaintiffs' damages.

     8.    WELLINGTON and its adjusters, employees, and representatives participated in a scheme to wrongfully delay and deny the Plaintiffs' lawful claim for insurance coverage.  The investigation and subsequent estimate written by WELLINGTON's adjuster Brenda Borrego, at the direction of WELLINGTON, failed to include all of the clearly visible covered damages present at the Plaintiffs' home, did not include a reasonable basis to deny any portion of the claim, and was a pretext for the underpayment of the claim.  Borrego spent a short time at the Plaintiffs' home and failed to reasonably investigate the damage and honestly evaluate the repair costs, misrepresenting the extent and causation of the damage, the nature of the applicable coverage, and the insured's right to recover damage costs under the applicable insurance coverage.  Therefore, the Defendant, by and through its adjusters and claims representatives, has misrepresented the facts, misrepresented the insurance coverage, and has conspired to wrongfully delay and deny resolution of this claim by significantly underestimating the damage repair costs.  It is apparent that these tactics were used to deny payment to the Plaintiffs that they are due under their insurance policy.  These false statements and wrongful acts constitute fraud and breach of contract, as well as violations of the Texas Deceptive Trade Practices Act and Texas Insurance Code Chapter 541 and 542, for all of which wrongful conduct Plaintiffs hereby sue WELLINGTON to recover actual and statutory damages, interest, costs and attorney's fees.

Electronically Filed
9/28/2015 5:22:21 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4884-15-E

## BREACH OF CONTRACT

9.    WELLINGTON's conduct, as previously described, constitutes numerous violations of the policy that it sold to the Plaintiffs. WELLINGTON has failed to comply with its policy because it has not promptly and reasonably investigated and paid this claim and because it has misrepresented the coverage and failed to pay the reasonable value of the repair and damage costs related to this claim in the amount of $74,863.59. By Defendant's breach of the policy and deliberate delay of repairs to this home, it has waived any claim that Plaintiffs are obligated to comply with any condition of the policy and is legally estopped to make such assertion as a defense. By its delay, Defendant has caused Plaintiffs to be forced to live in an unrepaired and storm damaged home, thereby causing other consequential damages.

## GOOD FAITH AND FAIR DEALING

10.    WELLINGTON has violated its duty of good faith and fair dealing owed to Plaintiffs. WELLINGTON violated its duty of good faith and fair dealing by failing to pay this claim in a timely fashion. WELLINGTON has violated this duty by creating bogus defenses, and by refusing to investigate and settle this claim in a timely manner. Beginning at the time that Plaintiffs made their claim and continuing until the present, WELLINGTON's liability to pay the claim in accordance with the terms of their insurance policy referenced herein has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied on to delay and/or deny payment for Plaintiffs' claim, WELLINGTON refused to accept the claim in its entirety and pay the Plaintiffs as the policy required. At that time, WELLINGTON knew, or reasonably should have known, by the exercise of reasonable diligence, that its liability was reasonably clear. Regardless, WELLINGTON and its adjusters and claim representatives failed to conduct a reasonable and proper inspection of the

Electronically Filed
9/28/2015 5:22:21 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4884-15-E

claim and refused to rely on the facts as conveyed by the Plaintiffs, as well as the visible covered damages, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the Plaintiffs' claim in good faith, an affirmative duty placed on the Defendant, as expressly stated by the Texas Supreme Court in *Universe Life Insurance Co. v. Giles*, 950 S.W.2d 48 (Tex. 1997), and §541.060(a)(2) of the Tex. Ins. Code. Through the actions described above, WELLINGTON breached its duty to Plaintiffs to deal fairly and in good faith with the Plaintiffs. Such breach was a proximate cause of the loss, expenses, and damages suffered by the Plaintiffs for which they hereby sue. Plaintiffs have incurred damages as a result of Defendant's breach of its duty of good faith and fair dealing that are greater than the minimum jurisdiction of this Court.

11.     Furthermore, because WELLINGTON intentionally violated this duty of good faith and fair dealing with malice, Plaintiffs seek to recover punitive damages in an amount that will deter Defendant, and others similarly situated to it, from repeating these bad faith acts.

### INSURANCE CODE CHAPTER 541- UNFAIR SETTLEMENT PRACTICES

12.     WELLINGTON has violated Chapter 541 of the Texas Insurance Code by engaging in unfair settlement practices with respect to a claim by an insured or beneficiary. The specific Chapter 541 violations were as follows:

(a)     WELLINGTON and its adjusters, employees, and claim representatives misrepresented the terms and coverage of Plaintiffs' insurance policy with WELLINGTON, in violation of Section 541.060(a)(1) of the Tex. Ins. Code.

(b)     WELLINGTON failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Plaintiffs' claim when the insurer's liability was reasonably clear, in violation of § 541.060(a)(2) of the Tex. Ins. Code.

5

Electronically Filed
9/28/2015 5:22:21 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4884-15-E

(c)     WELLINGTON refused to pay the Plaintiffs' claim without conducting a reasonable investigation with respect to the claim, in violation of § 541.060(a)(7) of the Tex. Ins. Code.

(d)     WELLINGTON and its adjusters, employees, and claim representatives made untrue statements of material facts to the Plaintiffs, in violation of 541.061(1) of the Tex. Ins. Code.

(e)     WELLINGTON and its adjusters, employees, and claim representatives failed to state material facts necessary to make other statements it previously made not misleading, considering the circumstances under which the statements were made, in violation of 541.061(2) of the Tex. Ins. Code.

(f)     WELLINGTON and its adjusters, employees, and claim representatives made statements in a manner that misled the Plaintiffs to a false conclusion of a material fact, in violation of 541.061(3) of the Tex. Ins. Code.

13.     These violations of Chapter 541 have caused damages to Plaintiffs, which they are entitled to recover pursuant to § 541.152 of the Tex. Ins. Code.  These damages include, but are not limited to, the Plaintiffs' policy claims in the amount of **$74,863.59** and consequential damages resulting from Defendant's wrongful conduct and repair delay.

14.     Plaintiffs are also entitled to three times their amount of actual damages pursuant to § 541.152(b) of the Tex. Ins. Code, because WELLINGTON violated this statute knowingly.

### DECEPTIVE TRADE PRACTICES ACT

15.     WELLINGTON has also violated the Texas Deceptive Trade Practices Act ("DTPA").  WELLINGTON's violations of the DTPA include, but are not limited to, the following:

6

Electronically Filed
9/28/2015 5:22:21 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4884-15-E

(a)     WELLINGTON made false representations about Plaintiffs' rights, remedies and obligations under the policy at issue. These statements were a misrepresentation of the insurance policy and its benefits in violation of § 17.46 (b)(12) of the Texas Business and Commerce Code.

16.     As described above, WELLINGTON violated Chapter 541 of the Texas Insurance Code, a "tie-in" statute, entitling Plaintiffs to relief under Section 17.50(a)(4) of the Texas Business and Commerce Code.

17.     WELLINGTON's conduct, as described herein, was a producing cause of damages to Plaintiffs for which they hereby sue. Plaintiffs are entitled to the amounts owed under the policy with WELLINGTON, as well as consequential damages, as a result of Defendant's violations of the DTPA. Furthermore, Plaintiffs are entitled to additional damages pursuant to Section 17.50(b)(1) because Defendant violated the DTPA intentionally.

## UNCONSCIONABLE COURSE OF CONDUCT

18.     WELLINGTON and its agents, adjusters, employees and representatives' actions constitute an unconscionable course of conduct in violation § 17.50(3) of the Texas Business and Commerce Code. "Unconscionable action or course of action," is defined by Section 17.45(5) of the Texas Business and Commerce Code as, "an act or practice, which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." As mentioned above, WELLINGTON and its agents, adjusters, employees and representatives took advantage of Plaintiffs' lack of knowledge in construction and insurance claims processes, misrepresented the coverage, extent, and causation of the losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the Plaintiffs' property. WELLINGTON and its agents, adjusters,

7

Electronically Filed
9/28/2015 5:22:21 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4884-15-E**

employees and representatives' actions constitute an unconscionable course of conduct entitling the Plaintiffs to relief under § 17.50(a)(3) of the Texas Business and Commerce Code.

## INSURANCE CODE CHAPTER 542 – WRONGFUL DELAY

19.     WELLINGTON has failed to comply with Chapter 542 of the Texas Insurance Code. The specific violations are as follows:

(a)     WELLINGTON has failed to comply with § 542.058 of the Tex. Ins. Code by delaying payment of the Plaintiffs' claim for more than 60 days after receiving all items and information it requested from the Plaintiffs.

(b)     Failing to adopt and implement reasonable standards for the prompt investigation of a claim arising under the insurer's policy in violation of § 542.003(5) of Tex. Ins. Code.

(c)     Not attempting in good faith to effectuate a prompt, fair and equitable settlement of a claim submitted in which liability has become reasonably clear, in violation of § 542.003(4) of Tex. Ins. Code.

(d)     WELLINGTON has failed to comply with § 542.003(5) of the Tex. Ins. Code by compelling a policy holder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

20.     As shown above, WELLINGTON has committed multiple violations of Chapter 542 of the Tex. Ins. Code.  Violation of said statute is a form of strict liability against Defendant. As such, Plaintiffs are entitled to 18 percent per annum interest, for each violation, on the unpaid policy proceeds together with reasonable attorney's fees pursuant § 542.060 of the Tex. Ins. Code.

8

Electronically Filed
9/28/2015 5:22:21 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4884-15-E

## COMMON LAW FRAUD

21.     Plaintiffs further show that Defendant, and/or its agents, adjusters, employees and representatives, made material false representations to Plaintiffs with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiffs, and that Plaintiffs relied on these representations to their detriment. Specifically, Defendant and its agents, adjusters, employees and/or representatives misrepresented the terms of the insurance policy at issue, the extent and causation of the damages to Plaintiffs' property, and the applicable coverage available.

22.     Plaintiffs would further show that Defendant and its agents, adjusters, employees and/or representatives concealed or failed to disclose material facts within their knowledge, that Defendant and its agents, adjusters, employees and/or representatives knew that Plaintiffs did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendant and its agents, adjusters, employees and/or representatives intended to induce Plaintiffs to accept the claim decision made the basis of this suit by such concealment or failure to disclose.

23.     As a proximate result of such fraud, Plaintiffs sustained the damages described more fully hereinbelow.

## AGENCY

24.     At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, adjuster, representative or employee of WELLINGTON, Defendant, occurred within the scope of the actual or apparent authority of such person on behalf of, or at the direction of, WELLINGTON.

9

Electronically Filed
9/28/2015 5:22:21 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4884-15-E**

25.     WELLINGTON is therefore liable to Plaintiffs for the acts and/or omissions of any such agent, adjuster, representative or employee complained of herein by virtue of such agency relationship.

### MULTIPLE DAMAGES (DTPA & INSURANCE CODE)

26.     Plaintiffs would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendant, and/or its agents, adjusters, employees and representatives, had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

27.     Plaintiffs further aver that such acts, practices, and/or omissions were committed "intentionally" in that Defendant specifically intended that Plaintiffs act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

28.     Therefore, Plaintiffs are entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code and § 541.152(b) of the Tex. Ins. Code.

### EXEMPLARY DAMAGES

29.     Plaintiffs would further show that the acts and omissions of Defendant and its agents, adjusters, employees and/or representatives complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of Plaintiffs. In order to punish said Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiffs request the imposition of exemplary damages pursuant to 17.50(b)(1) of the Texas Business and Commerce Code and § 541.152(b) of the Tex. Ins. Code.

10

Electronically Filed
9/28/2015 5:22:21 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4884-15-E

## ATTORNEY'S FEES

30.     Plaintiffs have been required to retain counsel in order to collect under their insurance contract with WELLINGTON.  From the time that the Plaintiffs retained counsel to the date of this filing, Plaintiffs have incurred attorney's fees in the amount of **$2,117.50**.  In addition, Plaintiffs will continue to incur reasonable and necessary attorney's fees at a rate of $275.00 for each hour their attorneys spend prosecuting this mater, which they seek to recover from WELLINGTON.  WELLINGTON is liable to Plaintiffs for these attorney's fees pursuant to Chapter 38.001 *et al* of the Civil Practice and Remedies Code, the DTPA and Chapters 541 and 542 of the Texas Insurance Code. Plaintiffs have presented these claims to WELLINGTON.

## CONDITIONS PRECEDENT

31.     All conditions precedent have been waived by the insurance company, have been performed by Plaintiffs, or have otherwise been satisfied.  Further, Defendant's claims that Plaintiffs did not comply with the contract are barred by waiver, based on Defendant's breach and noncompliance with the material terms of the insurance contract.  Generally, when one party to a contract commits a material breach, the other party is discharged or excused from further performance. *Mustang Pipeline Co., Inc. v. Driver Pipeline Co. Inc.*, 134 S.W.3d 195, 196 (Tex. 2004).

## REQUEST FOR DISCLOSURE

32.     Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose, within 50 days of the service of this Petition and this request, the information and/or material described in Rule 194.2.

## REQUEST FOR PRODUCTION

Instructions for Requests for Production

11

Electronically Filed
9/28/2015 5:22:21 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4884-15-E**

33.    Under Texas Rule of Civil Procedure 196, Plaintiffs request that Defendant produce, within 50 days of the service of this Petition and this request, the information and/or material requested herein below:

**REQUEST FOR PRODUCTION NO. 1:**

Please produce the entire, original and complete claims file, with any redactions necessary for privilege, made by WELLINGTON, or anyone acting for or on their behalf, including but not limited to, all memos, reports, notes, emails, estimates, videos and photos, for the storm damage claim made by Plaintiffs under Claim No. 0000066980, and made the subject of this lawsuit.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 2:**

Please produce a copy of any photos, recordings, videos and statements of the Plaintiffs, or produced to you by the Plaintiffs, related to Claim No. 0000066980.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all documents showing the compensation made by WELLINGTON to its adjusters or claim representatives, for the claim made by Plaintiffs as a result of storm damage and designated Claim No. 0000066980.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all photos, diagrams, videos, estimates, engineering reports and test results made by or for WELLINGTON, concerning the property at 612 W. Monte Cristo Heights Road, Edinburg, Texas 78541.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all underwriting information by and through WELLINGTON relating to the property located at 612 W. Monte Cristo Heights Road, Edinburg, Texas 78541.

**ANSWER:**

Electronically Filed
9/28/2015 5:22:21 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4884-15-E

## REQUEST FOR PRODUCTION NO. 6:

Please produce all training materials provided to any adjuster or person involved in this claim regarding adjustment of storm damage within the last 5 years, which would have been applicable to the claim made the basis of this suit.

## ANSWER:

## REQUEST FOR PRODUCTION NO. 7:

Please produce a complete copy of Policy No. CPT000006846.

## ANSWER:

## REQUEST FOR PRODUCTION NO. 8:

Please produce a copy of any claims files for any previous claim made by the named Plaintiffs herein with WELLINGTON during the last 5 years, specifically relating to the property located at 612 W. Monte Cristo Heights Road, Edinburg, Texas 78541.

## ANSWER:

## REQUEST FOR PRODUCTION NO. 9:

Please produce copies of any and all documents that you contend support any affirmative defense, which you allege applies to this action.

## ANSWER:

## REQUEST FOR PRODUCTION NO. 10:

Please produce copies of any and all non-privileged investigations, reports, memos, notes or correspondence relating to the claim made the basis of this suit.

## ANSWER:

13

Electronically Filed
9/28/2015 5:22:21 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4884-15-E**

## PRAYER

34.    For these reasons, Plaintiffs ask that WELLINGTON be cited to appear and answer, and that Plaintiffs have judgment against WELLINGTON for the following:

(a)    Actual, special and consequential damages;

(b)    Punitive and additional damages;

(c)    Reasonable and necessary attorney's fees;

(d)    Prejudgment and post-judgment interest as allowed by law;

(e)    Costs of suit; and

(f)    All other relief, in law and in equity to which Plaintiffs may be justly entitled

Respectfully submitted,

MENDEZ LAW FIRM

By: _____
Juan "Trey" Mendez, III
Texas Bar No. 24051041
treymendez34@yahoo.com
Mike D. Treviño
Texas Bar No. 24093280
migueltrevino15@gmail.com
243 East Elizabeth St.
Brownsville, Texas 78520
(956) 541-7600
(956) 541-7612 Facsimile
**ATTORNEYS FOR PLAINTIFFS**

C-4884-15-E
275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

---

## CITATION

---

### THE STATE TEXAS

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

**WELLINGTON INSURANCE COMPANY**
**CORPORATION SERVICE COMPANY**
**211 East 7th Street Suite 620**
**Austin TX  78701-3218**

You are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES AND FIRST REQUEST FOR PRODUCTION at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 275th District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on the on this the 28th day of September, 2015 and a copy of same accompanies this citation. The file number and style of said suit being, **C-4884-15-E, JAIME GONZALEZ AND MELISSA GONZALEZ  VS.  WELLINGTON INSURANCE COMPANY**

Said Petition was filed in said court by Attorney: JUAN "TREY" MENDEZ, III; 243 EAST ELIZABETH ST. BROWNSVILLE, TEXAS 78520

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 29th day of September, 2015.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

*Patricia Ann Molina*
**PATRICIA MOLINA DEPUTY CLERK**

DATE 10 23 15
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#37

CERTIFIED MAIL  7015 1730 0000 9341 0986

## CERTIFICATE OF RETURN
## UNDER RULES 103 T.R.C.P.

This is to certify that on this the 29th day of September, 2015 I, Patricia Molina, Deputy Clerk of the 275th District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-4884-15-E, JAIME GONZALEZ AND MELISSA GONZALEZ  VS.  WELLINGTON INSURANCE COMPANY a copy of the citation along with a copy of the petition by certified mail return receipt requested.  Return receipt was returned on the _____ day of _____, 201___ (or unserved for the reason on the certificate return) _____.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 29th day of September, 2015.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

_____
**PATRICIA MOLINA, DEPUTY CLERK**

## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
## CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____County, State of Texas, on the _____ day of _____, 20_____.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wellington Insurance Co.
Corporation Service Co.
211 East 7th St. Suite 620
Austin, Texas 78701-3218

9590 9403 0337 5155 4695 26

2. Article Number (Transfer from service label)

7015 1730 0000 9341 0986

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

C-4884-15-E CIT

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

DATE 10/23/15

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas

By_____ Deputy#37

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box®

**FILED**

AT _____ O'CLOCK _____ M

OCT 09 2015

LAURA HINOJOSA, CLERK
District Courts, Hidalgo County

By _____ Deputy

Hidalgo County
District Clerk
P.O. Box 87
Edinburg, TX 78540

USPS TRACKING#

9590 9403 0397 5155 4695 26

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **JAIME AND MELISSA** | § | |
| **GONZALEZ** | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | **JURY DEMANDED** |
| **WELLINGTON** | § | |
| **INSURANCE COMPANY** | § | |
| **Defendant** | § | |

---

## VERIFICATION

---

THE STATE

OF TEXAS

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Thomas F. Nye, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is Thomas F. Nye. I am one of the Attorneys of Record for Defendant/Intervenor Companion Property and Casualty Insurance Company in the above-referenced lawsuit, am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein. Attached hereto as 'Exhibit 1' is a true and correct copy of Defendant Wellington Insurance Company's Original Answer filed with the Hidalgo County District Clerk in Cause No. C-4884-15-E on October 26, 2015. Attached hereto as 'Exhibit 2' is a true and correct copy of Defendant Companion Property and Casualty Insurance Company's Original Petition in Intervention filed with

the Hidalgo County District Clerk in Cause No. C-4884-15-E on October 29, 2015.  These

factual statements are within my personal knowledge, and are true and correct."

Further affiant sayeth not.

Thomas F. Nye

SUBSCRIBED AND SWORN TO BEFORE ME by Thomas F. Nye on this the

29th of October, 2015 to certify which witness my hand and official seal.



NORA G. RODRIGUEZ
My Commission Expires
February 03, 2019

Notary Public, in and for the
State of Texas

Electronically Filed
10/26/2015 11:37:12 AM
Hidalgo County District Clerks
Reviewed By: Patricia Molina

CAUSE NO. C-4884-15-E

| | | |
|---|---|---|
| JAIME AND MELISSA GONZALEZ | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | 275ᵗʰ JUDICIAL DISTRICT |
| | § | |
| WELLINGTON INSURANCE COMPANY | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT WELLINGTON INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WELLINGTON INSURANCE COMPANY, Defendant in the above-styled and numbered cause and makes and files this, its verified original answer in reply to Plaintiffs' Petition, and for such answer would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiffs' Petition and demand strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiffs' claim. Without limiting the foregoing, Defendant denies that the following has occurred:

      a.    that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made; and

      b.    that Plaintiffs have provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.



EXHIBIT

1

Electronically Filed
10/26/2015 11:37:12 AM
Hidalgo County District Clerks
Reviewed By: Patricia Molina

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required under the Texas Insurance Code and Texas Business & Commerce Code. TEX. INS. CODE § 541.161(b).

4.

Pursuant to Tex.R.Civ.P. 93, Defendant Wellington Insurance Company denies that it issued an insurance policy covering Plaintiffs' property.

5.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiffs that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

6.

Requests for Disclosure

At the time required by law or the Rules, these Defendant requests the Plaintiffs to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiffs not recover against Defendant and that Defendant goes hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Electronically Filed
10/26/2015 11:37:12 AM
Hidalgo County District Clerks
Reviewed By: Patricia Molina

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
Thomas F. Nye
State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

Attorneys for Defendant, Wellington
Insurance Company

Electronically Filed
10/26/2015 11:37:12 AM
Hidalgo County District Clerks
Reviewed By: Patricia Molina

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 26 ᵀᴴ day of October, 2015, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiff*
Juan "Trey" Mendez, III
Mike D. Trevino
Mendez Law Firm
Email:  treymendez34@yahoo.com
          Migueltrevino15@gmail.com

**VIA E-FILING**

Thomas F. Nye
Thomas F. Nye

Electronically Filed
10/26/2015 11:37:12 AM
Hidalgo County District Clerks
Reviewed By: Patricia Molina

## VERIFICATION OF R. TRAVIS MILLER

| | |
|---|---|
| THE STATE | § |
| | § |
| OF TEXAS | § |

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared R. Travis Miller, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is R. Travis Miller. I am an Authorized Agent for Wellington Insurance Company, am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein. I have read Paragraph 4 of Defendant's Original Answer and it is true and correct."

Further affiant sayeth not.

R. Travis Miller, Authorized Agent for
Wellington Insurance Company

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the 21st day of October,
2015, to witness my hand and official seal of office.

Susan Stone
Notary Public in and for
the State of Texas

CAUSE NO. C-4884-15-E

| JAIME AND MELISSA GONZALEZ | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| VS. | § | 275th JUDICIAL DISTRICT |
| | § | |
| | § | |
| WELLINGTON INSURANCE COMPANY | § | HIDALGO COUNTY, TEXAS |

## COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY'S ORIGINAL PETITION IN INTERVENTION AND PLEA IN ABATEMENT

Intervenor, COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY ("Companion"), files this petition in intervention and plea in abatement as a party-defendant.

I.

Companion is an insurance company that is incorporated and has its principal place of business in South Carolina. Accordingly, Companion is a citizen of the State of South Carolina. Companion conducts business, including the issuance of homeowners' insurance policies, in Hidalgo County, Texas.

II.

Plaintiffs, Jaime and Melissa Gonzalez, reside in Hidalgo County, Texas. A copy of this petition will be forwarded to Mr. Juan "Trey" Mendez, attorney of record for Plaintiffs, via e-filing, under the provisions of Texas Rules of Civil Procedure 21 and 21a.

III.

Defendant, Wellington Insurance Company ("Wellington"), a Texas Corporation, has appeared and answered. Wellington is represented by the undersigned.

IV.

On September 28, 2015, Plaintiffs sued Wellington for breach of contract, violations of the DTPA and Texas Insurance Code, and other grounds related to an insurance claim made by



Plaintiffs. Wellington filed an answer asserting, among other things, that Wellington did not issue an insurance policy covering Plaintiffs' property at the time of the incident in question.

### Intervenor's Defenses

#### V.

Plaintiffs allege that Wellington issued a policy covering Plaintiffs' property at the time of the incident made the basis of this lawsuit. However, Wellington did not issue a policy for Plaintiffs' property. The insurance policy in effect at the time of the incident made the basis of this lawsuit was issued by Companion.

#### VI.

Accordingly, Wellington is an improper party to the lawsuit. The proper Defendant should be Companion Property and Casualty Insurance Company. Because Companion has a present justiciable interest in the subject matter of this suit—i.e, defense of the Plaintiffs' claims associated with the policy—it has standing to assert this Plea in Intervention.

#### VII.

Intervenor denies each and every material allegation contained in Plaintiffs' Petition, and says that the same are not true, in whole or in part, and demands strict proof thereof.

#### VIII.

Pleading further, Intervenor asserts that it is entitled to a reduction, an offset, or a bar to any recovery by Plaintiffs as set out in Section 33.001 et seq. of the Texas Civil Practice and Remedies Code and other contribution and indemnity plans under the laws of the State of Texas.

IX.

Pleading further and without waiver of the above, Intervenor denies the occurrence of all conditions precedent to Plaintiffs' claim. Without limiting the foregoing, Intervenor denies that the following has occurred:

a.     that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made; and

b.     that Plaintiffs have provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.

X.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiffs includes a specific "Appraisal" clause, which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own disinterested appraiser. In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Compliance with the appraisal process is a condition precedent to any suit against the insurance company. The insurance company was deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit prevented the insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. The insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. The insurance company has not waived and is not waiving this provision and may assert it in the future.

3

XI.

In addition, with regards to any claims against Intervenor for exemplary damages, Intervenor would show that the legal and factual elements necessary to impute any exemplary damages to Intervenor do not exist.

XII.

Intervenor would show unto the Court that exemplary damages are not recoverable against them for failure of the Plaintiffs to satisfy the vice principal test.

XIII.

**PLEA IN ABATEMENT**

A.      Plaintiffs have asserted claims against Defendant pursuant to Chapter 17.50 of the Texas Business & Commerce Code (also referred to as the "DTPA") in Plaintiffs' Original Petition. As a prerequisite to filing a suit seeking damages pursuant to the DTPA, a claimant shall give written notice at least sixty (60) days prior to filing suit. A Defendant against whom a suit is pending who does not receive adequate written notice may file a plea in abatement. TEX. BUS. & COM. CODE §17.505(Vernon 1987).

B.      Defendant has not received adequate written notice in compliance with the requirements of the DTPA.

C.      Accordingly, Defendant requests that this Court abate this case as provided by Section 17.505(d) of the Texas Business & Commerce Code.

XIV.

**PLEA IN ABATEMENT**

A.   In Plaintiffs' Original Petition, Plaintiffs have also alleged causes of action pursuant to Chapter 541 of the Texas Insurance Code. Chapter 541.154 provides, in pertinent part, "[a] person seeking damages in an action against another person under this subchapter

4

must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE §541.154 (Vernon Supp 2005). Additionally, Chapter 541.155 of the Texas Insurance Code provides that the Court shall abate the action if the Court finds that the claimant failed to provide the requisite notice. TEX. INS. CODE §541.155 (Vernon Supp 2005).

   B.   Defendant has not received adequate written notice in compliance with the requirements of the Texas Insurance Code.

   C.   Accordingly, Defendant is also entitled to an abatement of these proceedings pursuant to Chapter 541 of the Texas Insurance Code.

XV.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Intervenor hereby gives actual notice to Plaintiffs that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

Prayer

WHEREFORE, PREMISES CONSIDERED, Intervenor prays that upon final hearing hereof, that Plaintiffs not recover against Intervenor and that Intervenor go hence with its costs without delay and for such other and further relief, at law or in equity, to which Intervenor may justly show itself entitled to receive.

5

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
        Thomas F. Nye
        State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

Attorneys for Intervenor Companion
Property and Casualty Insurance Company

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 29th day of October, 2015, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiffs*
Juan "Trey" Mendez, III
Mike D. Trevino
Mendez Law Firm
Email:  treymendez34@yahoo.com
             Migueltrevino15@gmail.com

**VIA E-FILING**

_____
Thomas F. Nye

6